Deaderick, J.,
delivered tbe opinion of tbe court:
Plaintiff in error was convicted at tbe May term, 1875, in tbe circuit, court of Carroll county, of murder in tbe first degree, and sentenced to be banged.
His motions for- a new trial and foot arrest of judgment, having been severally overruled, be bas appealed -in error to this court.
Iiis counsel insist that tbe court erred in refusing upon bis several affidavits, filed at tbe trial term, to grant bim a continuance to tbe next .term.
Tbe indictment was found against tbe prisoner at tbe May term, 1874, and tbe day after tbe finding of tbe indictment be was brought into court, .counsel assigned him, and tbe cause continued as upon bis affidavit, and .be was remanded to jail.
At the- following September term tbe cause was continued at tbe instance of -the defendant, and upon bis affidavit, and tbe defendant wa& remanded to jail.. At tbe January term,-1875, tbe cause was continued as upon tbe affidavit of the- attorney-general.
"When the case was called a,t tbe May term, 1875, the defendant presented an affidavit praying a continuance upon *604 tbe ground of tbe absence of some twelve witnesses, wbo bad been summoned but were not in attendance.
By two of tbem be expected to prove, as tbe affidavits state, that Bank Dauner, tbe only witness of tbe state wbo professed to bave been present at tbe time of tbe killing, and wbo went with defendant at bis request, knowing that bis purpose was to kill bim, as be testified on tbe¡ trial, and wbo bad been arrested and imprisoned for tbe killing, bad admitted to tbem on several occasions that be himself bad killed tbe deceased, and accused defendant tbat be might escape prosecution. These two witnesses, Carney and Gilbert, reside in "Weakley county, and, as alleged, subpoenas were issued on the 25th of November, 1874, and executed upon tbem, and returned in December, 1874; that affiant bad again had subpoenas issued for tbem on tbe 12th of April, 1875, and sent to> tbe sheriff of Weakley county, and these last named subpoenas bad not been returned. Tbe other witnesses, it is stated, are material, but it is not stated, what they will prove, except as tO' one of tbem wbo was present and examined on tbe trial. He states that the witnesses are not absent by bis consent or procurement, and he knows of no others by whom be can prove the same facts, and states tbat an application for a continuance is not made for delay, but for tbe attainment of justice.
Affiant further states tbat it bad been reported for "several weeks tbat be was dead, and be presumes this is tbe reason of tbe nonattendance of bis witnesses.
Tbe court was of the opinion tbat bis affidavit aid not present sufficient grounds for a continuance, and refused it, but, upon defendant’s application, tbe cause was passed until next morning. On tbe next morning defendant presented another affidavit, setting forth tbat since tbe calling of tbe cause on tbe day before, be bad "caused an attachment to issue to tbe sheriff of Weakley county for tbe two witnesses, Gilbert and Carney, and bad forwarded tbe *605 same to the sheriff with instructions to execute it, and bring the witnesses into court; that said writ has not been returned, nor have tbs two witnesses appeared. He then réiterated the materiality of the testimony of said two witnesses; that he had used every means in his power-to secure their attendance without success; that he expects to have said witnesses in attendance at the next term of the court, and be ready for trial at that term. The continuance was again refused.
Upon the meeting of the court upon the same day, in afternoon session, and before the selection ¡of the jury, the defendant again moved the court for a continuance, and presenting his affidavit stating that one of his counsel had, since the adjournment for dinner, received a letter from. Judge Summers, from Dresden, "Weakley county, by whom the writ of attachment was sent to the sheriff, informing him that the sheriff was out of the state; and his deputies lived in the country. The letter is e¡xhibited, and states these facts, and that the two witnesses reside each about ten miles from town in different directions, and cannot be brought to court in time at the then present term.
The circuit judge still refusing to grant a continuance, a jury was impaneled, and a conviction resulted, as before stated.
It is a very delicate duty which this court sometimes feels itself constrained to perform, to control the exercise of the large discretion committed to inferior courts upon the question of the continuance of a causa.
The cause had been continued but ¡once, by the. defendant, after the term at which the indictment was found.
At the preceding January term it may be inferred that the defendant was ready, as the cause was then continued as on the affidavit of the attorney-general.
The record does not disclose a case, of negligence, in the preparation of his case for trial, on the part of defendant; on the contrary, we think it shows proper diligence on his *606 part. The evidence of tire absent witnesses was material, if tbe affidavit truly states wbat tbey would swear, and for the purposes of an application for continuance, nothing appearing to the contrary, the defendant’s affidavits are to-be taken as true.
The affidavits present a strong case for continuance, and we are of opinion the circuit judge should have granted it.
It is further insisted for plaintiff in error, by his counsel, that the judgment should have been arrested, because of the insufficiency of the indictment.
The indictment charges “that one Stanford Staton, alias Tap Staton, on the 11th day of January, 1874, in the county of Carroll, in and upon one Ephraim Hill, feloni-ously, willfully, and of his malice aforethought, did make an assault, and then and there feloniously; willfully, and of his malice aforethought, did strike, thrust, and penetrate with a certain piece of iron, give to- the said Ephraim Hill with the piece of iron SO' held in his hand, one mortal wound, of which said mortal wound the said Ephraim Hill, in the county of Carroll, on the day and in the year aforesaid, did instantly die. And so the jurors aforesaid, upon their oath aforesaid, do say that the said Stanford Staton, alias Tap Staton, the said Ephraim Hill, in manner and form aforesaid, did kill and murder, contrary to the form of the statute, and against the peace and dignity of the state.”
It will be observed that in this indictment the 'assault is charged to have been made with “malice aforethought,” etc., so the striking, thrusting, etc. But the conclusion charging, or-intending to charge, the offense of murder, is in these words: “And so the jurors aforesaid, upon their oath aforesaid, do say that the said Stanford Staton, alias Tap Staton, the said Ephraim Hill, in manner and form aforesaid, did kill and murder, contrary,” efe., wholly omitting the allegation that the said defendant, feloniously or unlawfully, of his malice aforethought, did kill and murder, etc.
*607 Tbe precedents for indictments for murder at common law conclude by charging that A. B. “feloniously, wilfully, and of his malice aforethought, did kill and murder the said C. D.”
The charge that the killing and murdering was done maliciously is essential, and it is not sufficient that the assault, and the striking or the shooting are so charged to have been done.
In the case of Mitchell v. The State, 8 Yer., 515, the assault is charged to have been made “feloniously, willfully, unlawfully, and of Ms malice aforethought,” and the striking “unlawfully, and of his malice aforethought,” and the offense of murder is charged as follows: “And so the jurors aforesaid, upon their oath aforesaid, do say that the said Jesse Mitchell, the said Samuel Wilson, in manner and form aforesaid, unlawfully, and of his malice aforethought, did kill and murder, contrary,” etc., and this was held a good common law indictment.
An indictment, however, omitting the words “of malice aforethought,” would be bad, even though it charges the defendant with haying feloniously murdered the. deceased, which implied malice. 1st Arch. Or. P. & P. (ed. 1860), 285-290.
As a conclusion from the facts averred (that is, the making of the assault and inflicting the wound) in an indictment for murder, it must be stated that “so the defendant, of his malice aforethought, did kill and murder the deceased, for without the terms, malice -aforethought and the artificial phrase murder, the indictment will be taken to charge manslaughter only.” Ibid., -Wat. notes, p. 301, where numerous authorities are cited.
The offense, that is the murder, must be charged to have been done, with malice aforethought; and it is not sufficient that the mortal wound is charged to have been done with malice aforethought. Ibid., note, p. 881.
Sio it is said in Whar. Am. Or. L., 196, that “in an *608 indictment for murder it is essential to state as a conclusion from tbe facts previously averred, that tbe said A. B., him tbe said O. D., in manner and form aforesaid, feloni-ously did kill and murder.”
“It must also be alleged that tbe offense was committed of defendant’s malice aforethought; words which cannot be supplied by the aid of any other, and if any of these terms be omitted, the offense will amount to n» more than manslaughter.” See also Ibid., 489, where it is said that “in an indictment for murder it is indispensable that the killing and murder should be charged to. have been done with malice 'aforethought.” The author adds: “In a late case, however, in Arkansas, it seems to' have been thought that the words ‘and wickedly did kill and murder,’ etc., are sufficient, without the words ‘of his malice, afore^ thought.’ ”
This same case, to which we have been referred by the attorney-general, is also given by "Waterman in his notes to Archibald, p. 881, evidently as an exception to' the rule of the common law.
We are of opinion, therefore, that the indictment must charge the offense, to have, been committed with “malice aforethought,” according to- the rules of the common law, or according to the statute.
In each of the cases of Williams v. The State, 3 Heis., 37, and Riddle v. The State, Ibid., 401, the indictment charged that the defendant willfully, deliberately, pre-meditatedly, and with malice aforethought, did kill and murder, according to the definition of Aiurder in the first degree under our statute. Code, paragraph 4598. And in those cases, and in the case of J. C. Williams v. The State, 3 Heis., 376, also an indictment for murder in the first degree, it was held that neither the words “unlawfully” nor “feloniously” was necessary in an indictment for murder in the first degree under the statute, but it was sufficient to charge the offense as described in the statute.
*609 We do not deem it necessary to- discuss tbe question of tbe sufficiency of an indictment in common law foam, to sustain a conviction of murder in tbe first degree. Tbe case of Mitchell v. The State [5 Yer., 340; 8 Yer., 533] settled that question, after full discussion and consideration of tbe question, and although tbe argument of defendant’s counsel is plausible, tbe question has been too long settled to justify any disturbance of tbe conclusion of the court that a common law indictment for murder will sustain a conviction of tbe highest grade of that offense.
Tbe judgment will be arrested, and tbe prisoner will be remanded to tbe jail of Carroll county, to await such other and further proceedings in tbe circuit court of that county as may be instituted against him.